# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joel K.,**
**Respondent Below, Petitioner**

**vs)  No. 13-0407** (Harrison County 09-D-358-5)

**Tina K.,**
**Petitioner Below, Respondent**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joel K.[1] ("Husband"), by counsel Daniel R. Grindo, appeals the Circuit Court of Harrison County's "Order Affirming Decree of Divorce and Modifying Equitable Distribution Chart" entered on March 22, 2013. Respondent Tina K. ("Wife"), by counsel Gregory H. Schillace, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

## FACTS

Husband and Wife were married in 1994 and separated on or around June 28, 2009. They have two children born of the marriage, a son born in 1998 and a daughter born in 2000.[2] Wife petitioned for and was granted a divorce on the ground of irreconcilable differences by Decree of Divorce entered on April 30, 2012, by the Family Court of Harrison County.

Husband appealed the family court's order to circuit court. On March 22, 2013, the circuit court entered an "Order Affirming Decree of Divorce and Modifying Equitable Distribution Chart," wherein the circuit court affirmed the family court's determination that Wife's custodial time with the two children gradually increase from March 1, 2012, until

---

[1]Due to the sensitive nature of the facts in this case, we do not utilize the last names of the parties. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2]The family court appointed a guardian ad litem to represent the interests of the two children.

1

September 3, 2012, at which time each party would share equal parenting time. Except for one modification related to royalties from mineral rights, the circuit court affirmed the family court's distribution of marital assets and debts. We address the lower courts' rulings with respect to custodial allocation and equitable distribution[3] as follows.

## Custodial Allocation

The family court heard testimony from Dr. Edward Baker, who completed psychological examinations on both parties. He testified that he diagnosed Wife as having a personality disorder with borderline and histrionic features and alcohol abuse. With respect to Husband, he testified that he diagnosed him as having a personality disorder (not otherwise specified) with narcissistic and paranoid features. The family court found that

> [t]o place the children primarily in the care of one of their parents would not be in their best interest. The Court fears that if given a majority of the custodial time with the children, that either parent has the potential to cajole and manipulate the children in order to use them as pawns against the other.

The family court also heard from the children's counselor, who opined that the children's trepidation about being left unsupervised with Wife arises from the fact that there has been a long period of separation during the divorce proceedings. Wife testified that prior to the separation, she was primarily responsible for feeding, bathing, and disciplining the children, and that she was solely responsible for the children while Husband was deployed on active military duty. Husband did not testify to his caretaking responsibilities at any time. With these facts in mind, the family court determined that

> [i]t is in the best interests of the children for the Court to work toward a schedule to have frequent and continuing contact with both parents, which ultimately results in equal time with both parents. The need for the gradual increase in the amount of time that the children spend with [Wife] stems from the need to reconcile the children with their mother given the nearly three-year period of reduced custodial time that has taken place during the pendency of this action.

As the circuit court noted in its order affirming the allocation of custody, the family court devoted approximately seven pages of the Decree of Divorce to analyzing the best interests of the children. The family court cited several specific behaviors of each parent, the opinions of expert witnesses, and the recommendations of professional counselors, two of whom were witnesses called by the guardian ad litem. While the circuit court noted that Husband alleged that

---

[3]We note that the circuit court's order addresses property not specifically challenged by Husband in his appeal to this Court. The only items relevant to Husband's appeal with respect to the distribution of the marital estate are (1) the mineral rights; (2) the GE and NEOM stocks; (3) the Florida condominium; (4) the Ameriprise accounts; and (5) the USAA Credit Cards and checking account.

the family court "blatantly ignored" the recommendations of the guardian ad litem,[4] the circuit court found that the family court weighed those recommendations and based its decision on the evidence before it and what it deemed to be in the children's best interest. Accordingly, the circuit court ruled that Husband failed to show that the family court's decision to gradually increase Wife's parenting time to ultimately be equal to Husband's constituted an abuse of discretion.

**Equitable Distribution of Marital Property**

**A.      Mineral Rights**

The family court ordered that mineral rights associated with the marital estate be divided equally. The circuit court did not disturb this ruling with respect to equal distribution of the mineral rights, but found that the family court's equitable distribution chart was incorrect with respect to the 2010 mineral rights. Specifically, the circuit court found that the 2010 mineral rights were included twice -- once under the heading "Mineral rights 2010," with $10,000 to Husband, and again under the heading "2010 oil and gas," with another $10,000 to Husband. The circuit court determined that the $10,000 associated with each of the years 2009, 2010, and 2011, on the chart related to royalty checks received by Husband during each of the years of the divorce action. Accordingly, the circuit court modified the family court's equitable distribution chart to more accurately reflect the family court's ruling that the mineral interests be divided equally, rather than allocating an additional $10,000 attributed to Husband. The modification reduced the "equitable distribution needed" under Husband's column by $5,000.

**B.      The Florida Condominium**

The family court determined as follows regarding the Florida condominium:

> [E]ach of the parties is awarded a ½ interest in the marital portion of the Florida condominium.[5] The rights and obligations of the parties shall be preserved and subject to any underlying contracts involving the parties' rights and obligations with respect to that property. No credible evidence was presented at the hearing concerning the value of the Florida condominium and, accordingly, division in kind is the only viable option.

On appeal to circuit court, Husband claimed that he had made the payments on the condominium during the divorce proceedings and requested that the circuit court insert a provision requiring that each party pay one-half of the condominium expenses. The circuit court

---

[4]The guardian ad litem recommended a more restrictive visitation schedule for Wife. Specifically, she recommended that Husband be the "sole custodian and primary decision maker for the children," and that Wife be allowed two hours of unsupervised contact per week and five hours of unsupervised contact on the day before or after a holiday.

[5]Husband and Wife owned a 50% interest in the condominium. Therefore, each received a 25% interest as a result of the divorce.

declined to address the issue of condominium expenses as it was not raised and presented before the family court.

## C.      The Ameriprise Accounts

The family court ruled that two Ameriprise accounts were marital property, despite Husband's assertion that they were his separate property. Specifically, the family court found:

> Although [Husband] argued that the accounts were separate property, the Ameriprise account documentation introduced as evidence at the final hearing did not prove the separate nature of the account. The documentation showed that [Husband] had a pre-marital condominium in Florida; that he wrote a check to Ameriprise for $264,000 on July 24, 2004; and that the two Ameriprise accounts in question existed as of the date of separation. The source of funds that were placed into the Ameriprise accounts on July 24, 2004 was not shown. July 24, 2004 [] was ten years into the marriage. Therefore, the court finds the accounts are marital. [Wife] is awarded the Ameriprise account ending in 8004. [Husband] is awarded the Ameriprise SPS account.

An Ameriprise representative testified that he did not have documentation to support Husband's assertion that he put separate property into the accounts. On appeal, the circuit court found that the family court did not abuse its discretion in its ruling that the accounts were marital property.

## D.      The GE and NEOM Stock

The family court awarded certain GE and NEOM stock to Husband and assigned their respective value in the equitable distribution chart. Husband argued to the circuit court that the GE stock was sold in 2006 and the NEOM stock is "virtually worthless." The circuit court determined that because the stocks were listed in "[Wife's] Proposed Equitable Distribution Plan" and her testimony as to the stock's value was not challenged by Husband, the family court did not abuse its discretion in including them in the equitable distribution.

## E.      The USAA Credit Cards and Checking Account

With respect to the USAA checking account first, the family court had previously ordered in 2009 that $7,500 be transferred from the account to Wife for payment of attorney fees. The family court's final distribution chart references a deduction of $7,500 from the same account for Wife's attorney fees. Husband contended on appeal to the circuit court that an additional $7,500 should have been deducted from the account, thereby reducing its value attributable to him, and a corresponding increase in $7,500 should have been attributed to Wife. The circuit court rejected his argument and found that the reference in the family court's chart was simply to the 2009 award of fees, not an additional award. Accordingly, the circuit court did not amend the chart as Husband requested.

Concerning the USAA credit cards, the family court ruled that all of the credit cards owned by the parties as of their separation were marital. The equitable distribution chart showed two cards with a debt amount of $3,641.00 assigned to Wife. Husband contended on appeal to the circuit court that the evidence proved that he paid off that debt as of the date of the final divorce hearing and he should have been credited for that payment. Wife disputed Husband's payment of the credit card debt before the family court and argued that the time period to evaluate the debt is at separation. The family court assigned the amount to Wife, and on appeal, the circuit court found no abuse of discretion in that ruling given the disputed testimony.

Husband now appeals the circuit court's order to this Court, and raises two assignments of error. First, he argues that the circuit court erred in its allocation of custodial responsibility. Second, he argues the circuit court erred in its distribution of marital debts and assets.

## DISCUSSION

Our standard of review for this appeal is as follows:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*" Syl., *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Melinda H. v. William R. II,* 230 W.Va. 731, 742 S.E.2d 419 (2013). "[F]indings of fact made by a trial court in a divorce proceeding based on conflicting evidence will not be disturbed unless they are clearly wrong or are against the preponderance of the evidence." *Sellitti v. Sellitti,* 192 W.Va. 546, 551, 453 S.E.2d 380, 385 (1994).

With regard to the allocation of custody, Husband agrees that there has been significant turmoil between the parties preceding and during the divorce proceeding below. Husband contends that the lower court should have followed the recommendation of the guardian ad litem, and not awarded Wife equal parenting time, as doing so was not in the best interests of the children. The record demonstrates the family court received and considered substantial input from the guardian ad litem. However, the record also demonstrates that the family court heard testimony from several expert witnesses, two of whom were called to testify by the guardian ad litem. Based on all of the evidence presented, including the diagnoses of each parent, the family court determined that the best interests of the children would be served by gradually increasing Wife's custodial time until each party shares equal parenting time. The family court is not obligated to follow the guardian ad litem's recommendations and is free to give whatever weight and credibility it chooses to her report and testimony. *See Storrie v. Simmons,* 225 W.Va. 317, 326, 693 S.E.2d 70, 79 (2010). Moreover, we cannot agree with Husband that the lower court disregarded the best interests of the children. Given the testimony concerning the negative behaviors of both parties, we are hard-pressed to find an abuse of discretion in the lower court's allocation of equal custodial time to each parent.

5

Turning to the distribution of the marital property, our review of the record reflects no clear error or abuse of discretion by the circuit court. Having reviewed the circuit court's "Order Affirming Decree of Divorce and Modifying Equitable Distribution Chart" entered on March 22, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to Husband's second assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II